■ In the Matter of DAVID COHEN, Respondent, v. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered June 17, 1974 in Albany County, whch granted the petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate the appellants' determination denying the petitioner retirement credit under subdivision 6 of section 503 of the Education Law for his two years and two months of military service. From January of 1944 until his honorable discharge on March 3, 1946, the petitioner served in the United Sates Navy. Prior thereto and following his discharge, he was a teacher in the New York City schools and a member of the New York City Teachers' Retirement System (hereinafter City System). Thereafter, in 1954, he left teaching and withdrew his membership in the City System only to return to teaching five years later in the school of Levittown, New York. On September 1, 1959, he became a member of the New York State Teachers' Retirement System (hereinafter State System) and received 18 years and 2 months prior service credit for the period of time he actually taught in New York City. Regarding his military service time, however, the State System denied him any retirement credit because he had not been a member of the

State System either when he entered or returned from the Navy. Accordingly, the petitioner commenced the instant proceeding wherein Special Term rejected the State System's interpretation of the subject statute and ordered the petitioner's retirement fund to be credited for his two years and two months of military service. On this appeal, only one question is presented, namely, whether the petitioner is entitled to retirement credit for the period of his military service even though he was not a member of the State System at the time of his entry into the armed forces. The relevant statutory language is plain and unambiguous and requires that to be eligible for the benefits, a person must have been "a teacher in the public schools of this state at the time of his entrance into the armed forces". (Education Law, § 503, subd. 6.) Admittedly, the petitioner fulfills this requirement, and there is no further provision that he must also have been a member of the State System prior to his joining the Navy. Therefore, we find that additional statutory interpretation is unnecessary and that the petitioner is clearly entitled to the credit (*cf. Matter of Guenther Pub. Corp.* v. *Lomenzo*, 29 A D 2d 708; *City of Buffalo* v. *Lawley*, 6 A D 2d 66). In so finding, we would likewise emphasize that the petitioner is not receiving dual credit for his military service. He was statutorily prohibited from withdrawing any contribution to the City System for military service made on his behalf by the City of New York (Military Law, § 243, subd. 20, par. E). Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.